# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNIVERSITY OF TENNESSEE RESEARCH FOUNDATION AND SAINT MATTHEW RESEARCH, LLC,<br><br>　　*Plaintiffs,*<br><br><br>　　　　　v.<br><br>MICROSOFT CORPORATION,<br><br>　　*Defendant.* | *Civil Action No. 3:17-cv-00184-HSM-CCS*<br><br><br>**JURY TRIAL DEMANDED** |

**BRIEF IN SUPPORT OF DEFENDANT MICROSOFT CORPORATION'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**

**TABLE OF CONTENTS**

Page(s)

I.   INTRODUCTION ...............................................................................................1

II.  FACTUAL BACKGROUND...........................................................................2

III. LEGAL STANDARD.........................................................................................3

IV.  ARGUMENT......................................................................................................5

   A.  The Complaint Should Be Dismissed Because it Fails to Set Forth a Plausible Claim of Infringement For the Asserted Patents...................................................................................5

     1.   Plaintiffs Fail to Allege Facts Demonstrating How the Claim Limitations Are Allegedly Met. ..................................................................................................5

     2.   The Complaint Does Not Allege That Any One Accused Product Meets All the Limitations of Any Claim For Three of the Four Asserted Patents........................................9

     3.   Because Plaintiffs Have Failed to Plausibly Plead Direct Infringement Their Claim for Induced Infringement Also Fails. ...........................................................10

   B.  Plaintiffs' Indirect Infringement Claims for the '733 and '106 Patents Should be Dismissed For the Additional Reason That There is No Allegation of Pre-Suit Knowledge ...............11

V.   CONCLUSION.................................................................................................12

i

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)................................................................................................3

*Atlas IP, LLC v. Exelon Corp.*,
189 F. Supp. 3d 768 (N.D. Ill. 2016) ...............................................................3, 4, 9

*Atlas IP v. City of Naperville*,
No. 15 C 10744, 2016 WL 3907029 (N.D. Ill. July 19, 2016) .................................6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)................................................................................................3

*Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*,
904 F. Supp. 2d 1260 (M.D. Fla. 2012) ...............................................................11

*CG Tech. Dev., LLC v. FanDuel, Inc.*,
No. 16-cv-801, 2016 WL 6089693 (D. Nev. Oct 18, 2016) ....................................4

*Comcast Cable Comm'ns, LLC v. OpenTV, Inc.*,
319 F.R.D. 269 (N.D. Cal. 2017)............................................................................4

*DSU Med. Corp. v. JMS Co., Ltd.*,
471 F.3d 1293 (Fed. Cir. 2006).............................................................................11

*e.Digital Corp. v. iBaby Labs, Inc.*,
No. 16-cv-05790, 2016 WL 4427209 (N.D. Cal. Aug. 22, 2016) ......................7, 10

*Ericsson, Inc. v. D-Link Sys., Inc.*,
773 F.3d 1201 (Fed. Cir. 2014).........................................................................4, 10

*Global-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011)..............................................................................................11

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
134 S. Ct. 2111 (2014)..........................................................................................10

*Macronix Int'l Co. v. Spansion Inc.*,
4 F. Supp. 3d 797 (E.D. Va. 2014) ......................................................................4, 6

*Novitaz, Inc. v. inMarket Media, LLC*,
No. 16-cv-6795, 2017 WL 2311407 (N.D. Cal. May 26, 2017).................3, 4, 5, 7

*Proxyconn Inc. v. Microsoft Corp.*,
No. 11-CV-1681, 2012 WL 1835680 (C.D. Cal. May 16, 2012) ..........................11

ii

*Raindance Technologies, Inc. v. 10x Genomics, Inc.*,
No. 15-cv-152, 2016 WL 927143 (D. Del. Mar. 4, 2016) .......................................................5, 7

*Robern, Inc. v. Glasscrafters, Inc.*,
206 F. Supp. 3d 1005 (D.N.J. 2016) .......................................................................................3

*Simplivity Corp. v. Springpath, Inc.*,
No. 4:15-cv-13345, 2016 WL 5388951 (D. Mass. July 16, 2016) ..........................................11

*Straight Path IP Grp., Inc. v. Vonage Holdings Corp.*,
No. CIV.A. 14-502 JLL, 2014 WL 3345618 (D.N.J. July 7, 2014) .........................................12

*Tai v. Minka Lighting, Inc.*,
No. CV-16-02810-PHX-DLR, 2017 WL 568519 (D. Az. Feb. 13, 2017) ..............................10

**Rules**

Fed. R. Civ. P. 8(a)(2)...............................................................................................................3

Fed. R. Civ. P. 12(b)(6)...............................................................................................1, 2, 3, 12

Defendant Microsoft Corporation ("Microsoft") hereby moves to dismiss the Complaint for Patent Infringement ("Complaint") of Plaintiffs University of Tennessee Research Foundation and Saint Matthew Research, LLC ("Plaintiffs") for failing to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.     INTRODUCTION

Since the abrogation of Form 18 in December 2015, it is now clear that a "plausible" claim for patent infringement must be pled on more than conclusory statements. In particular, for each accused product, the patentee must allege: (a) that the product satisfies every limitation of the patent claim; and (b) facts demonstrating how that product allegedly meets each limitation. Plaintiffs' Complaint, however, fails in both regards.

For many claim limitations, Plaintiffs set forth *no* facts to support their allegation that each limitation is met. Instead, Plaintiffs merely parrot the language of the limitation and allege that Microsoft's products satisfy that limitation based "on information and belief." And where facts are alleged, the Complaint fails to explain how those facts possibly relate to the pertinent claim limitations. Moreover, even if parroting the claim language and pleading non-sequiturs were enough to present a plausible claim for infringement (and it is not), the Complaint should still be dismissed because Plaintiffs do not even allege that *all* of the claim limitations are met by the same accused product—much less all accused products. Instead, the Complaint lumps multiple products together, alleging only that that "one or more" of them meets the various claim limitations.

Finally, Plaintiffs fail to make out a plausible claim of induced infringement of U.S. Patent Nos. 8,099,733 and 7,882,106 (the "'733" and "'106" patents), because an essential element of that claim—*i.e.*, pre-suit knowledge of those patents—has not been pled.

1

Accordingly, Microsoft respectfully requests that this Court dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.     FACTUAL BACKGROUND

Plaintiffs' Complaint alleges that Microsoft directly and indirectly infringes the '733 and '106 patents, as well as U.S. Patent Nos. 6,741,983 ("the '983 patent") and 7,272,612 ("the '612 patent") (collectively, the "Asserted Patents").  Dkt. 1.  According to the Complaint, the Asserted Patents are directed generally to parallel computer processing and storage in databases, and more specifically to "parallel processing computer architectures that evenly distribute computational loads over multiple nodes" and "using the structural properties of data in large datasets to improve database performance."  *Id.* at ¶ 3.

For each Asserted Patent, the Complaint identifies one claim and alleges that various Microsoft products infringe that claim, as follows:

- **'733 patent, claim 18**—allegedly infringed by Microsoft SQL Server (Versions: SQL Server 2012, SQL Server 2014, and SQL Server 2016); Microsoft Windows Server (Versions: Windows Server 2012, Windows Server 2012 R2, Windows Server 2016); Microsoft High Performance ("HPC") (Versions: HPC Pack 2012, HPC Pack 2012 R2, HPC Pack 2016); and Microsoft Azure SQL Database.  Dkt. 1 at ¶¶ 58, 77.

- **'983 patent, claim 1**—allegedly infringed by Microsoft SQL Server (Versions: SQL Server 2012, SQL Server 2014, and SQL Server 2016).  Dkt. 1 at ¶¶ 86, 102.

- **'612 patent, claim 1**—allegedly infringed by Microsoft SQL Server (Versions: SQL Server 2012, SQL Server 2014, and SQL Server 2016).  Dkt. 1 at ¶¶ 111, 127.

- **'106 patent, claim 14**—allegedly infringed by Azure SQL Database.  Dkt. 1 at ¶¶ 137, 148.

As described below, Plaintiffs' allegations are insufficient to survive a motion to dismiss.

## III. LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege non-conclusory facts that make liability "plausible," meaning that they "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). Thus, a complaint must set forth more than "[t]hreadbare recitals of the elements of a cause of action." *Id.*

Prior to its abrogation, Form 18 of the Federal Rules of Civil Procedure provided a generic form setting forth minimal requirements for pleading patent infringement. But the December 2015 amendments to the Federal Rules of Civil Procedure abrogated the generic Form 18. Since that time, federal courts have consistently applied the plausibility standard established by the Supreme Court in *Iqbal* and *Twombly* to patent complaints. *E.g.*, *Robern, Inc. v. Glasscrafters, Inc.*, 206 F. Supp. 3d 1005, 1008 (D.N.J. 2016); *Novitaz, Inc. v. inMarket Media, LLC*, No. 16-cv-6795, 2017 WL 2311407, at *4 (N.D. Cal. May 26, 2017); *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016) (following the abrogation of Form 18, "there is no longer an immovable object blocking the path of the *Twombly-Iqbal* canon's unstoppable force" in patent cases). Under that standard, the complaint must provide "fair notice" to the defendant of the claims. *See Iqbal*, 556 at U.S. 678; *Twombly*, 550 U.S. at 555. Although a court evaluating a motion to dismiss must accept the allegations in the complaint as true, a plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In evaluating the sufficiency of a complaint, such "conclusory" allegations are "not entitled to be assumed true." *Iqbal*, 556 U.S. at 681; *see also Twombly*, 550 U.S. at 557.

3

It is a canon of patent law that a patent is infringed only if a system or process meets every limitation of at least one claim of the patent—*i.e.*, only if the accused instrumentality performs all the steps or contains all the features recited in the claim. *See Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1215 (Fed. Cir. 2014) ("To prove literal infringement, the patentee must show that the accused device contains *each and every* limitation of the asserted claims." (emphasis in original)). As a result, a plausible allegation of patent infringement must be based on a plausible allegation that every element of a claim in the patent is satisfied by an accused instrumentality. *See CG Tech. Dev., LLC v. FanDuel, Inc.*, No. 16-cv-801, 2016 WL 6089693, at *3 (D. Nev. Oct 18, 2016); *see also Atlas IP*, 189 F. Supp. 3d at 775 ("[F]actual allegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement.").

This means a complaint must set forth factual allegations showing *how* the accused products operate, in the context of each limitation of at least one patent claim, to support a plausible allegation of patent infringement. *Novitaz*, 2017 WL 2311407, at *4; *Macronix Int'l Co. v. Spansion Inc.*, 4 F. Supp. 3d 797, 804 (E.D. Va. 2014). A complaint cannot simply "parrot claim language," since doing so does not recite "factual allegations, as *the claim language is what [the plaintiff] must show* in order to prove infringement." *Novitaz*, 2017 WL 2311407, at *4 (emphasis added). Rather, the "complaint must go beyond only stating in conclusory terms that each accused product or service meets the elements of" a claim. *Comcast Cable Comm'ns, LLC v. OpenTV, Inc.*, 319 F.R.D. 269, 273 (N.D. Cal. 2017).

## IV.  ARGUMENT

### A.  The Complaint Should Be Dismissed Because it Fails to Set Forth a Plausible Claim of Infringement For the Asserted Patents

Plaintiffs have failed to state a claim for infringement, either directly or indirectly, for at least two reasons, either of which warrants dismissal of the Complaint: (1) Plaintiffs do not allege sufficient facts to make it plausible that each accused product satisfies all claim limitations of at least one claim of each asserted patent, and (2) for three of the four Asserted Patents, Plaintiffs do not allege that any single accused product, much less all of them, meets every limitation of the asserted claims.

#### 1.  *Plaintiffs Fail to Allege Facts Demonstrating How the Claim Limitations Are Allegedly Met.*

Plaintiffs have not made out a plausible allegation that any Asserted Patent is infringed. Rather, for many of the patent claim limitations recited, the Complaint simply parrots the claim language and alleges, without explanation or facts, that "one or more" of the accused products meet that limitation.  *See*, *e.g.*, Dkt. 1 at ¶¶ 68 and 70-73 ('733 patent), 90 and 97 ('983 patent), 120-122 ('612 patent), and 143-144 ('106 patent).  But as other district courts have repeatedly found since the abrogation of Form 18, such a threadbare allegation is a mere legal conclusion that falls well short of the requirement to show how the accused products satisfy each claim limitation.  *See*, *e.g.*, *Novitaz*, 2017 WL 2311407, at *4 (even where the complaint set forth certain factual allegations as to one accused product, granting dismissal because "a number of critical claim elements [were] not addressed by [the plaintiff's] factual allegations," and instead "merely parrot[ed] claim language"); *Raindance Technologies, Inc. v. 10x Genomics, Inc.*, No. 15-cv-152, 2016 WL 927143, at *2 (D. Del. Mar. 4, 2016) (dismissing the plaintiff's infringement claims for one patent because the court found that "[t]here is nothing in the complaint (at least so far as I can see) that hints at the role of [a particular claim limitation] in

5

Defendant's products"); *Marconix*, 4 F. Supp. 3d at 804 (dismissing the plaintiff's allegations because they did "not allege *how* the offending products [infringe] the claims recited in the [complaint]. . . . Further, as to its other allegations, the [complaint] simply allege[d] that each element of a cited claim is infringed and then *parroted the claim language* for each element." (emphasis added)); *see also Atlas IP v. City of Naperville*, No. 15 C 10744, 2016 WL 3907029, at *3 (N.D. Ill. July 19, 2016) (even if it does not recycle a claim limitation verbatim, an allegation that the accused product "has" the claimed feature is insufficient).

There is extensive publicly-available information regarding the products Plaintiffs accuse of infringement, much of which is accessible on Microsoft's websites. The Complaint quotes some of this information. *See, e.g.,* Dkt. 1 at ¶¶ 91, 117 (citing materials from Microsoft websites). But for many of the claim limitations, the information Plaintiffs quote does not relate to the limitation recited in the patent claim and the Complaint offers no allegations to try to connect the two, meaning that there are no facts alleged to support how that limitation is supposedly met by the accused product.

This is especially significant because the claims of the patents-in-suit include a number of specific requirements that the Complaint wholly fails to identify in the accused products. For example, claim 18 of the '733 patent (which is the only claim of that patent that the Complaint specifically accuses Microsoft of infringing) requires, among other things, a plurality of host processors *each* of which must:

    i) "broadcast . . . load information of its processor capacity and search queue length to at least one other" host processor and

    ii) "bring[] its search queue of client queries into balance . . . according to a time constant responsive to receipt of" the broadcasted information, wherein that balancing must also entail

    iii) "exchanging unprocessed search requests with a recipient host processor responsive to a stochastic selection process" and

6

iv) "exchanging a block of search requests . . . and adjusting the size of the block . . . according to relative processing speeds of host processors and inter-processor communications protocol between the host processors."

'733 patent at 34:1-42. Yet the only allegation the Complaint offers for each of those requirements is a bare assertion "on information and belief" that "one or more" of the accused products do it. *See* Dkt. 1 at ¶¶ 68 (i), 70 (ii), 71 (iii) and 73 (iv). Moreover, in the rare instance where the Complaint does allege facts, *e.g.*, copying a diagram from a document pertaining to one of the accused products, HPC Pack, which is alleged to show "head node and compute node topologies," *id.* at ¶ 66, it fails to connect those facts to the particular requirements of the asserted patent claim. *See Raindance*, 2016 WL 927143, at *2 (dismissing the complaint where the plaintiff made "no attempt to relate any [of its] factual assertions with any of the asserted claims"). Simply reciting that these limitations are met without any factual support, or even an allegation to explain how any one accused product, much less all of the accused products, allegedly does what the claims require, does not present a plausible claim for infringement. *Novitaz*, 2017 WL 2311407, at *4.

The Complaint offers similarly deficient allegations for the other patents-in-suit. Claim 1 of the '983 patent, which again is the only specific claim the Complaint alleges Microsoft infringes, is drawn to a method of organizing database records that requires, *inter alia,* applying a mathematical technique, "principal component analysis," to select vectors and then "formulating a test based on the selected vectors" (step (f)) and "performing" that test to organize records "into clusters" (step (g)). '983 patent at 30:18-39. Yet the Complaint offers no factual allegations regarding the "test" the accused products must both formulate and perform in order to satisfy steps (f) and (g) of claim 1. *See* Dkt. 1 at ¶ 97 (parroting claim language and concluding it is satisfied). Offering factual allegations for some, but not all, of the claim limitations is not enough to plead a plausible claim for infringement. *See e.Digital Corp. v.*

7

*iBaby Labs, Inc.*, No. 16-cv-05790, 2016 WL 4427209, at *5 (N.D. Cal. Aug. 22, 2016) (dismissing where Plaintiffs failed to allege facts for just one limitation).

The allegations regarding the '106 patent are even more threadbare. The only claim identified in the Complaint (claim 14) requires "defining a function . . . [that] comprises a combination of measures of entropy and adjacency" and "partitioning" based on the same. '106 patent at 31:26-32:3. But none of the allegations regarding the accused product, Azure SQL Database, say anything about any function that product uses to partition data that relies on the particular "measures of entropy and adjacency" required by the claim. *See* Dkt. 1 at ¶¶ 139-142. Instead, Plaintiffs simply offer a conclusion that "on information and belief," but without any facts to show how, the accused product does what is recited in the claim. *Id.* at ¶¶ 143-144 (parroting claim language and concluding it is satisfied).

Claim 1 of the '612 patent is similar to claim 14 of the '106 patent, but Plaintiffs accuse a different set of products, three versions of Microsoft SQL Server, of infringing that claim. *Id.* at ¶ 111. The asserted patent claim is directed to a "computer-implemented method" that, *inter alia*, requires the computer to define "a function" that "comprises a combination of measures of entropy and adjacency" to partition data into groups. *See* '612 patent at claim 1. But the Complaint identifies no such computer-implemented function in any of the Microsoft SQL Server products accused of infringement. Instead, it simply parrots the claim language—alleging "on information and belief" that the accused products calculate measures of entropy and adjacency without any allegation as to what it is in the accused products that supposedly meets these requirements. *See* Dkt. 1 at ¶¶ 113, 119. Indeed, the *only* fact Plaintiffs allege for this limitation is a block quote from a document that says the user—not the computer—can create a partition in a group of data. *Id.* at ¶ 117 ("When *you create* a new partition . . ."). And even if

8

that quote were read otherwise, there is still no allegation as to how any of these accused

products uses "a combination of measures of entropy and adjacency" as opposed to any myriad

of other measures and techniques that are known for partitioning data in a database.

This is an important distinction because the patents-in-suit acknowledge that there were

many "existing database indexing methods" and parallel computing schemes in the prior art.

*See, e.g.,* '612 patent at 1:25-42 (identifying various prior art techniques). Because there are a

multitude of techniques for partitioning and searching for data, simply alleging facts to show that

a product involves databases and multiple processors in some capacity does not make out a

plausible claim for infringement of the particular techniques defined by the limitations recited in

the claims of the patents-in-suit. *See Atlas IP*, 189 F. Supp. 3d at 775 ("Because the failure to

practice even a single element is all that separates innovation from infringement, there is always

an obvious alternative explanation where a plaintiff does not allege facts for each element.").

2. *The Complaint Does Not Allege That Any One Accused Product Meets All the Limitations of Any Claim For Three of the Four Asserted Patents*.

The Complaint is deficient for the additional, independent reason that for the '733, '983,

and '612 patents it does not allege—even "on information and belief"—that any one, much less

all, of the accused products meet all of the limitations of the asserted patent claims. Instead, for

each limitation, the Complaint says only that the limitation is satisfied by "*one or more* of" the

accused products.[1] That allegation is consistent with one limitation of a claim being met only by

one accused product, and another limitation of the same claim being met only by a different

accused product. In such instance, neither accused product would meet every limitation of any

claim, and thus there would be no infringement.

---

[1] The Complaint uses similar language for Plaintiffs' allegations on the '106 patent, but for that patent there is only one product that is accused of infringement. *See* Dkt. 1 at ¶ 137.

By way of example, Plaintiffs accuse ten Microsoft products of infringing the '733 patent. *See* Dkt. 1 at ¶ 58. The Complaint, however, alleges only that "one or more" of those products meets each limitation of claim 1 of the '733 patent. *Id.* at ¶¶ 60-66; 68-73. Plaintiffs further muddy the waters by citing documentation regarding one product in connection with one limitation and documentation regarding a different product in connection with another limitation. *Compare* Dkt. 1 at ¶ 60 (documentation regarding SQL Server) *with id.* at ¶ 66 (documentation regarding HPC Pack). Because a product cannot infringe unless that same product satisfies *all* of the claim limitations, *see Ericsson*, 773 F.3d at 1215, such vague allegations fail to set forth a plausible claim for infringement.

        3.     *Because Plaintiffs Have Failed to Plausibly Plead Direct Infringement Their Claim for Induced Infringement Also Fails*.

The defects explained above extend to both Plaintiffs' direct infringement allegations as well as their claim that Microsoft "indirectly infringes" each of the four patents-in-suit by "actively inducing infringement." Dkt. 1 at ¶¶ 78, 103, 128 and 149. This is because a claim for indirect infringement must be predicated on the existence of a direct infringement. *See Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111, 1227 (2014) ("[O]ur case law leaves no doubt that inducement liability may arise 'if, but only if, [there is] . . . direct infringement.'"). Since Plaintiffs here have failed to plausibly plead direct infringement for each of the four patents-in-suit, they likewise fail to plead a plausible claim for indirect infringement of those patents. *See, e.g., e.Digital*, 2016 WL 4427209, at *5; *Tai v. Minka Lighting, Inc.*, No. CV-16-02810-PHX-DLR, 2017 WL 568519, at *3 (D. Az. Feb. 13, 2017) (holding that the plaintiff's indirect infringement "claim fails as a matter of law because Plaintiff has not stated a plausible claim for direct infringement").

**B.**     **Plaintiffs' Indirect Infringement Claims for the '733 and '106 Patents Should be Dismissed For the Additional Reason That There is No Allegation of Pre-Suit Knowledge**

Finally, Plaintiffs' allegations that Microsoft previously induced others to infringe the '733 and '106 patents (*see* Dkt. 1 at ¶¶ 78-80; 149-151) should be dismissed for the additional and independent reason that Plaintiffs have failed to allege facts sufficient to show that Microsoft was aware of those patents prior to being served with the Complaint.  Knowledge and intent are required to make out a claim for induced infringement.  *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011) ("[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement."); *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." (internal quotation omitted)).  Mere "post-suit knowledge" of a patent does not suffice. *Simplivity Corp. v. Springpath, Inc.*, No. 4:15-cv-13345, 2016 WL 5388951, at *8-9 (D. Mass. July 16, 2016).  Allowing the fact that a patent is referred to in the complaint to substitute for pre-suit knowledge "would vitiate the Supreme Court's holding in *Global-Tech* that an allegation of knowledge of the patent is required to state a claim for induced infringement." *Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260, 1268-69 (M.D. Fla. 2012). It would also vitiate Rule 8, under which a "complaint fails to state a claim for indirect patent infringement where the *only* allegation that purports to establish the knowledge element is the allegation that the complaint itself or previous complaints in the *same* lawsuit establish the defendant's knowledge of the patent." *Proxyconn Inc. v. Microsoft Corp.*, No. 11-CV-1681, 2012 WL 1835680, at *7 (C.D. Cal. May 16, 2012).

But that is, at most, all that the Complaint here alleges for the '733 and '106 patents.  *See* Dkt. 1 ¶¶ 79, 81, 150 and 152.  Plaintiffs' allegation that these patents are "well-known within

11

the industry" generally does not plausibly allege that Microsoft specifically was aware of them, much less that it specifically intended to cause their infringement. *See Straight Path IP Grp., Inc. v. Vonage Holdings Corp.*, No. CIV.A. 14-502 JLL, 2014 WL 3345618, at *2 (D.N.J. July 7, 2014). Accordingly, Plaintiffs' claims that Microsoft induced others to infringe the '733 and '106 patents should be dismissed for this reason as well as for those explained above.[2]

## V.     CONCLUSION

For the foregoing reasons, Microsoft respectfully requests this Court dismiss the Complaint for failing to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).


Dated:  August 31, 2017

Respectfully Submitted,

PAINE BICKERS LLP

*/s/ Mark N. Reiter*
GIBSON, DUNN & CRUTCHER LLP
Mark N. Reiter (admitted pro hac vice)
mreiter@gibsondunn.com
Michael A. Valek (admitted pro hac vice)
mvalek@gibsondunn.com
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Tel: (214) 698-3100
Fax: (214) 571-2900

Matthew J. Evans (BPR #017973)
Lindsey M. Collins (BPR #033426)
900 South Gay Street, Suite 2200
Knoxville, TN 37902-1821
Tel: (865) 525-0880
Fax: (865) 521-744

GIBSON, DUNN & CRUTCHER LLP
Neema Jalali (admitted pro hac vice)
njalali@gibsondunn.com
555 Mission Street
San Francisco, CA 94105-0921
Tel: (415) 393-8200
Fax: (415) 393-8306

*Attorneys for Defendant Microsoft Corporation*

---

[2] Plaintiffs' pre-suit knowledge allegations regarding the '983 and '612 patents are also deficient because, *inter alia*, they do not show knowledge by any of the pertinent actors within the company. Microsoft has chosen not to challenge those allegations in this motion, but does not waive those deficiencies.

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2017, a copy of the foregoing was filed electronically.

Notice of this filing will be sent by operation of the Court's electronic filing system to all parties

indicated on the electronic filing receipt.

*/s/ Mark N. Reiter*

Mark N. Reiter