**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| **UNIVERSITY OF TENNESSEE RESEARCH FOUNDATION AND SAINT MATTHEW RESEARCH, LLC,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**MICROSOFT CORPORATION,**<br><br>*Defendant.* | Civil Action No. 3:17-cv-00184-HSM-CCS<br><br>**JURY TRIAL DEMANDED** |

## JOINT RULE 26 CONFERENCE REPORT AND DISCOVERY PLAN

Plaintiffs University of Tennessee Research Foundation ("UTRF") and Saint Matthew Research, LLC ("SMR") (collectively, "Plaintiffs"), by and through counsel, and Defendant Microsoft Corporation ("Microsoft" or "Defendant"), by and through counsel, hereby submit this joint report and proposed schedule in accordance with Federal Rule of Civil Procedure 26(f) and the Court's August 23, 2017 Order (Dkt. 22).

This case is one of seven related cases filed by Plaintiffs. On May 2 and May 3, 2017, Plaintiffs filed seven related cases that are currently pending before this Court: *Univ. of Tenn. Research Found., et al. v. Int'l Bus. Machs. Corp.*, No. 3:17-193-HSM-CCS; *Univ. of Tenn. Research Found., et al. v. Teradata Operations, Inc.*, No. 3:17-194-HSM-CCS; *Univ. of Tenn. Research Found., et al. v. Amazon.com, Inc., et al.*, No. 3:17-181-HSM-CCS; *Univ. of Tenn. Research Found., et al. v. Microsoft Corp.*, No. 3:17-184-HSM-CCS; *Univ. of Tenn. Research Found., et al. v. Hewlett Packard Enter. Co., et al.*, No. 3:17-185-HSM-CCS; *Univ. of Tenn. Research Found., et al. v. Oracle Am., Inc.*, No. 3:17-186-HSM-CCS; and *Univ. of Tenn. Research Found., et al. v. SAP Am., Inc., et al.*, No. 3:17-193-HSM-CCS (collectively, the "Related Cases"). Each of these seven cases will separately present a number of unique questions of law and fact, but they will also present several overlapping questions of law and fact. In particular, issues of claim construction may overlap among all seven cases.

I.  **DISCOVERY PLAN UNDER RULE 26(f)**

    A.  **Initial Disclosures**

    **[Plaintiffs' Position:]**

Plaintiffs propose that the initial disclosures required by Rule 26(a)(1) will be made on or before September 27, 2017.

    **[Defendant's Position:]**

Defendant proposes that initial disclosures required by Rule 26(a)(1) will be made on or before 14 days after the filing of Defendant's answer.

1

## B. Scope and Timing of Discovery

### 1) Subjects and Phases of Discovery

The parties have competing positions regarding the subjects and phases of discovery.

**[Plaintiffs' Position:]**

Plaintiffs state that discovery may be required on all claims asserted in Plaintiffs' Complaint (Dkt. 1) and any defenses Microsoft asserts in any Answer filed in this action, including the following subjects: Defendant's alleged infringement of the asserted patents; Plaintiffs' claims for relief; the operation of Defendant's accused products; Defendant's knowledge of the asserted patents; Defendant's knowledge of its alleged infringement of the asserted patents; Defendant's efforts, if any, to avoid the alleged infringement; Defendant's actions in allegedly contributing to or inducing others' infringement of the asserted patents; sales and other financial information relating to Defendant's accused products; the identity of any alleged prior art to the asserted patents; the prosecution of the asserted patents; and the inventors' efforts and activities that led to the asserted patents.

Plaintiffs do not propose conducting discovery in phases or limiting the scope of discovery to any particular issues at this time. As will be discussed in Plaintiffs' forthcoming Opposition to Microsoft's motion to dismiss, Plaintiffs' Complaint is adequately pled; however, to the extent the Court requires Plaintiffs to provide additional detail regarding Microsoft's infringement, the core issues affecting the scope of discovery will not change. That is, the asserted patents and the products accused of infringing each asserted patent are unlikely to change by virtue of any arguments advanced by Microsoft relating to the specificity of Plaintiffs' Complaint.

**[Defendant's Position:]**

Microsoft has moved to dismiss Plaintiffs' Complaint because it fails to state a plausible claim for patent infringement. *See generally* Dkt. 25. Plaintiffs' Complaint accuses at least ten Microsoft products of infringement and Microsoft expects that that discovery Plaintiffs will seek regarding those products will be substantial and cost hundreds of thousands of dollars, if not

2

Case 3:17-cv-00184-HSM-CCS   Document 27   Filed 09/13/17   Page 3 of 13   PageID #: 409

more. The outcome of Microsoft's pending motion could avoid or reduce that cost by narrowing the scope of accused products and clarifying the accused functionality. In addition, the defendants in the Related Cases have also moved to dismiss and Microsoft understands that those defendants are currently focused on providing the venue discovery Plaintiffs have requested. In order to encourage cross-coordination and help keep the schedule here in synch with those in the Related Cases, Microsoft requests that discovery in this case be stayed until resolution of this Microsoft's motion to dismiss.

If the complaint is not dismissed and Microsoft files an answer to Plaintiffs' complaint, Microsoft states that discovery may be needed on at least the following subjects:

- The accused functionality in Microsoft's accused products;
- Microsoft's alleged infringement of the asserted patents;
- Plaintiffs' knowledge of Microsoft's accused products prior to filing this lawsuit;
- Plaintiffs failure to notify Microsoft of any alleged infringement of the asserted patents prior to filing suit
- Any pre-suit investigation by Plaintiffs of the basis for Microsoft's alleged infringement of the asserted patents:
- The non-infringement of the asserted patents;
- The invalidity of the asserted patents;
- The alleged conception and reduction to practice of the asserted patents;
- The prosecution of the asserted patents;
- The inventors' efforts and activities that led to the asserted patents;
- The inventors' disclosure of their efforts and activities that led to the asserted patents;
- Plaintiffs' effort to license, sell or otherwise monetize the asserted patents, as well as their patent licensing practices generally;

3

- Prior art to the asserted patents, including the named inventors' knowledge thereof; and
- The inventors' knowledge and/or use of the accused functionality in Microsoft's accused products, including the existence of that functionality in any Microsoft products preceding the filing of the asserted patents.

### 2) Proposed Schedule and Claim Construction

The parties disagree on the litigation schedule and have proposed competing deadlines for case events in Exhibit A.

While the parties disagree on the particular dates for these events as well as when discovery should begin, both sides agree that Plaintiffs will serve infringement contentions shortly after the start of discovery and that those contentions will: (a) identify the particular claims of each of the patents-in-suit that Plaintiffs assert; (b) identify, for each asserted claim, the particular products and services that Plaintiffs contend are infringed; and (c) include a chart identifying specifically where each element of each asserted claim is found within each accused product or service. Both sides also agree that Defendants will serve invalidity contentions approximately 45 days after Plaintiffs have served their infringement contentions and that those contentions will identify, on a claim-by-claim basis, any grounds for invalidity under 35 U.S.C. §§ 102, 103 and 112.

The parties request that the Court set a date for a Claim Construction Hearing, along with dates for exchanging proposed terms, proposed constructions and a joint claim construction statement followed by claim construction briefing. The parties have competing positions regarding whether to what extent that claim construction hearing should be consolidated with that in the Related Cases.

### [Plaintiffs' Position:]

In the interest of judicial efficiency and in light of the likely overlapping issues of fact and law, Plaintiffs request that Court hold a common Claim Construction Hearing for each of the Related Cases.

**[Defendant's Position:]**

The extent to which issues of fact and law overlap between the Related Cases is not clear at present because Plaintiffs have asserted different sets of patents and claims against different defendants. While it may be possible to consolidate the hearing to the extent the issues truly overlap between the cases, full consolidation of that proceeding may not be possible and, in any event, each defendant must be allowed sufficient time and opportunity to present its position on those claim limitations most relevant to the allegations against them. Rather than deciding to consolidate the proceeding before these issues have had a chance to crystallize, Microsoft proposes that the parties meet and confer and submit a proposal regarding potential consolidation of the claim construction hearing with their joint claim construction statement. By that time, the parties will have identified the claim terms in dispute and their competing claim constructions, which will allow more fulsome discussion of this issue.

C. **Disclosure or Discovery of Electronically Stored Information**

The parties have discussed the need to preserve electronically stored information ("ESI") and have alerted those persons identified, based on the allegations to date, as most likely to have relevant information of the need to preserve it. The discovery of ESI shall proceed in accordance with the Federal Rules of Civil Procedure, thus "[a] party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost." Fed. R. Civ. Pro. 26(a)(2)(B). All ESI shall be produced in single-page .TIFF format with appropriate load files, although such agreement is without prejudice to a party seeking native format documents and data in a follow-up request when reasonable. The producing party may also choose to produce in native format. All production pages shall be individually marked with sequential Bates numbers. In the event responsive ESI does not lend itself to .TIFF format production, the parties will meet and confer regarding possible native form production, with appropriate protections to be separately negotiated and mutually agreed upon in advance of such production.

If search terms are to be used for a source of ESI, the parties agree to make a good-faith effort to agree upon a reasonable list of search terms for the parties to use in searching for responsive ESI, including without limitation responsive emails.

E-mail production requests shall be phased to occur timely after the parties have exchanged initial disclosures and an identification of the 8 most significant e-mail custodians in view of the pleaded claims and defenses. E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. Each requesting party shall limit its e-mail production requests to a total of 6 custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave.

Each requesting party shall limit its e-mail production requests to a total of eight search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. The parties reserve the right to stipulate to additional procedures to govern the discovery of ESI in this matter.

**D.     Claims of Privilege or Protection of Trial-Preparation Materials**

The parties have agreed to log documents withheld from discovery on the grounds that they are protected by one or more applicable privileges. The privilege log shall otherwise comply with the requirements of Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure. The parties agree

6

Case 3:17-cv-00184-HSM-CCS   Document 27   Filed 09/13/17   Page 7 of 13   PageID #: 413

that the privilege log need not include an identification of attorney-client or attorney work product protected materials or communications generated on or after the date of the filing of the original complaint in this action.

The parties have agreed that the inadvertent production of attorney-client privileged materials, work product privileged materials, or trial preparation materials shall not constitute a waiver of those protections in this or any other proceeding. In the event of the production of such protected information, the parties will follow the procedure set out in Rule 26(b)(5)(B).

### E. Limitations on Discovery

The parties agree that the discovery limitations set forth in the Federal Rules of Civil Procedure govern, except as stated herein:

1. Each party is entitled to take up to 70 hours of depositions of fact witnesses, including deposition taken pursuant to a notice under Federal Rule of Civil Procedure 30(b)(6), with each deposition at a minimum counting as 3 hours toward that hours limit. This 70 hour limit does not include expert witnesses. Each party is entitled to take one deposition of each testifying expert per report produced pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).

2. Each party is limited to 30 requests for admission, excluding those used only to authenticate documents.

3. Plaintiffs will present the inventors employed by the University of Tennessee named on the patents-in-suit as party witnesses solely for the purposes of responding to discovery, meaning that Defendant need not subpoena them for documents or testimony. Rather, Plaintiffs will collect and produce documents from each of the inventors employed by the University of Tennessee named on the patents-in-suit and present them for deposition at an agreed upon time and place.

In addition to the above, each Party agrees to cooperate in good faith to coordinate discovery on issues overlapping among the Related Cases, where possible, to efficiently and effectively conduct the prosecution or defense of the Related Cases.

F.  **Other Orders Under Rule 26(c) or Rule 16(b) or (c)**

1. The parties agree that a stipulated protective order addressing the discovery, treatment, and handling of confidential and proprietary information should be entered in this case. The parties agree to meet and confer to negotiate a stipulated protective order, and will file such an order within 45 days of the filing of this report. No discovery of confidential information will begin until a protective order is entered.

2. The parties agree that service may be made by electronic mail, with copies sent via electronic mail to all attorneys of record for the party served.

II. **SETTLEMENT**

The parties agree to explore settlement, but the possibility for settlement is currently unknown.

III. **LENGTH OF TRIAL**

The parties anticipate that trial in this matter is likely to require [**Plaintiffs Propose:** 5 court days] [**Defendant Proposes:** 10 court days]. The parties agree that the trial in this case will not be consolidated to any extent with the trial in any of the Related Cases.

Respectfully submitted, this 13th day of September, 2017.

| | |
|---|---|
| /s/ Daniel P. Hipskind_____ <br> WAYNE A. RITCHIE II (BPR 013936) <br> JAMES R. STOVALL (BPR #032512) <br> RITCHIE, DILLARD, DAVIES <br> & JOHNSON, P.C. <br> 606 West Main Avenue, Suite 300 <br> P.O. Box 1126 <br> Knoxville, Tennessee 37901-1126 <br> (865) 637-0661 <br> E-mail: war@rddjlaw.com <br> E-mail: jstovall@rddjlaw.com <br><br> OF COUNSEL: <br><br> Dorian S. Berger (CA SB No. 264424) <br> *Admitted pro hac vice* <br> Daniel P. Hipskind (CA SB No. 266763) <br> *Admitted pro hac vice* <br> Eric B. Hanson (CA SB No. 254570) <br> *Admitted pro hac vice* <br> BERGER & HIPSKIND LLP <br> 1880 Century Park East, Ste. 815 <br> Los Angeles, CA 95047 <br> Telephone: 323-886-3430 <br> Facsimile: 323-978-5508 <br> E-mail: dsb@bergerhipskind.com <br> E-mail: dph@bergerhipskind.com <br> E-mail: ebh@bergerhipskind.com <br><br> *Attorneys for Plaintiffs University of Tennessee Research Foundation and Saint Matthew Research, LLC* | /s/ Michael A. Valek_____ <br> PAINE BICKERS LLP <br> Matthew J. Evans (BPR #017973) <br> Lindsey M. Collins (BPR #033426) <br> 900 South Gay Street, Suite 2200 <br> Knoxville, TN 37902-1821 <br> Tel: (865) 525-0880 <br> Fax: (865) 521-744 <br><br> GIBSON, DUNN & CRUTCHER LLP <br> Mark N. Reiter (admitted pro hac vice) <br> mreiter@gibsondunn.com <br> Michael A. Valek (admitted pro hac vice) <br> mvalek@gibsondunn.com <br> 2100 McKinney Avenue, Suite 1100 <br> Dallas, TX 75201 <br> Tel: (214) 698-3100 <br> Fax: (214) 571-2900 <br><br> GIBSON, DUNN & CRUTCHER LLP <br> Neema Jalali (admitted pro hac vice) <br> njalali@gibsondunn.com <br> 555 Mission Street <br> San Francisco, CA 94105-0921 <br> Tel: (415) 393-8200 <br> Fax: (415) 393-8306 <br><br> *Attorneys for Defendant Microsoft Corporation* |

9

# EXHIBIT A – PROPOSED LITIGATION SCHEDULE

| Event | Plaintiffs' Proposed Deadline | Defendant's Proposed Deadline[1] |
|---|---|---|
| Defendant's Answer | | If motion to dismiss is denied, 14 days later |
| Initial Disclosures Due | September 27, 2017 | 14 days after Answer |
| Plaintiff's Disclosure of Infringement Contentions | October 11, 2017 | 7 days after Answer |
| Defendant's Disclosure of Invalidity Contentions | November 22, 2017 | 45 days after Infringement Contentions |
| Exchange of Proposed Claim Terms for Construction | November 29, 2017 | 14 days after Invalidity Contentions |
| Exchange of Preliminary Constructions and Identification of Extrinsic Evidence, Which Shall Include Identification of Any Experts Supporting Constructions | December 20, 2017 | 21 days after Exchange of Claim Terms |
| Joint Claim Construction Statement | January 10, 2018 | 42 days after Exchange of Claim terms |
| Completion of Claim Construction Discovery | January 31, 2018 | 60 days after Exchange of Claim Terms |
| Opening Claim Construction Brief | February 7, 2018 | 15 days after Completion of Claim Construction Discovery |
| Responsive Claim Construction Brief | March 7, 2018 | 30 days after Plaintiffs' Opening Claim Construction Brief |
| Claim Construction Hearing | TBD subject to the Court's calendar – Plaintiffs propose March 29, 2018 | TBD subject to the Court's calendar – Defendant proposes August 2018 (~ 8 months after Answer, assuming Answer in December 2017) |
| Exchange of privilege logs | 60 days before the close of fact discovery | |
| Close of fact discovery | | ~ 4 months after issuance of claim construction order |
| Initial Expert Witness Disclosures on Issues for which a Party Bears Burden of Proof | May 1, 2018 | 14 days after Close of Fact Discovery |

---

[1] If a deadline falls on a weekend or holiday, that deadline is extended to the next business day.

| Rebuttal Expert Witness Disclosures | May 29, 2018 | 60 days after Opening Expert Reports |
|---|---|---|
| Service of Final Witness List | June 12, 2018 | 14 days after Close of Discovery |
| Close of Discovery | July 10, 2018 | 45 days after Rebuttal Expert Reports |
| Dispositive Motions Deadline | August 7, 2018 | Two weeks after Close of Discovery |
| Pretrial Disclosures Deadline | October 9, 2018 | Six weeks before trial |
| Deadline to File Motions *in limine* | October 23, 2018 | Five weeks before trial |
| Proposed Jury Instructions or Findings of Fact and Conclusions of Law | October 30, 2018 | Four weeks before trial |
| Final Pretrial Conference | TBD subject to the Court's calendar – Plaintiffs propose November 5, 2018 | TBD subject to the Court's calendar – Defendant proposes approximately three weeks before trial |
| Trial | TBD subject to the Court's calendar – Plaintiffs propose November 27, 2018. | TBD subject to the Court's calendar – Defendant proposes October 2019 (~ 18 weeks after Close of Discovery, assuming discovery closes in June 2019) |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2017, a copy of the foregoing was filed electronically using the Court's ECF system, which will automatically send notice of this filing to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's ECF system.

/s/ Daniel P. Hipskind_____
Daniel P. Hipskind (CA SB No. 266763)
*Admitted pro hac vice*
BERGER & HIPSKIND LLP
1880 Century Park East, Ste. 815
Los Angeles, CA 95047
Telephone: 323-886-3430
Facsimile: 323-978-5508
E-mail: dph@bergerhipskind.com

*Attorneys for Plaintiffs University of Tennessee Research Foundation and Saint Matthew Research, LLC*