# EXHIBIT A

| From: | Daniel Hipskind <dph@bergerhipskind.com> |
|---|---|
| Sent: | Wednesday, September 13, 2017 1:43 AM |
| To: | Crews Townsend; jstovalll@rddjlaw.com; war@rddjlaw.com |
| Cc: | Hilda C.; Lynn, Jamie; Joseph R. White; Jeffrey M.; Khoa; Gregory; Michael A.; Aleksander; blatham@bassberry.com; John A.; Lindsey E. Martin; mreiter@gibsondunn.com; EXT Neema Jalali; Tracey B.; James Williams; Alison Haddock; wjameson@duanemorris.com; jmiller@hsdlaw.com; Guy, Hop; Eber, Michelle; Dorian Berger; Eric Hanson |
| Subject: | RE: UTRF Cases -- Defendants' Unopposed Motion for Consolidated Case Management Conference |

Crews,

Thank you for sending the attached draft. However, as I confirmed for Jamie Lynn on our call earlier this evening, Plaintiffs will be opposing Defendants' request.

Based on our Rule 26(f) conference, it was my understanding that Teradata (and potentially certain other Defendants) would be making this request in the Rule 26(f) Report. At that time, I told you that Plaintiffs felt a departure from Judge Mattice's standard practice of issuing Scheduling Orders without an in-person scheduling conference was not warranted here. Indeed, for most of these cases, the only material disputed issue in the Rule 26(f) Reports is Defendants' request to foreclose Plaintiffs' ability to conduct discovery relating to their patent infringement claims pending the outcome of Defendants' venue motions. The current drafts of the Rule 26(f) Reports contain a detailed discussion of the parties' arguments on this issue. It is unclear how an in-person scheduling conference will provide any additional assistance to the Court in deciding this lone material scheduling issue. Rather, Plaintiffs are concerned that Defendants' request for an in-person scheduling conference is an attempt by Defendants to argue the merits of their venue defenses before the Court is afforded the opportunity to review the complete briefing on Defendants' motions to dismiss.

Of course, if the Court disagrees and requests an in-person scheduling conference, Plaintiffs welcome the opportunity to address any scheduling issues with the Court at an in-person conference. But because the requested in-person scheduling conference appears to be motivated by an attempt to prejudice Plaintiffs' forthcoming oppositions to Defendants' motions to dismiss rather than any true case management or scheduling concerns, Plaintiffs oppose Defendants' request.

If you would like to discuss this matter further tomorrow, please let me know and we can schedule a meet and confer.

Best,

Dan

---

**From:** Crews Townsend [mailto:Crews.Townsend@millermartin.com]
**Sent:** Tuesday, September 12, 2017 6:37 PM
**To:** dph@bergerhipskind.com; jstovalll@rddjlaw.com; war@rddjlaw.com
**Cc:** Hilda C. <hcgalvan@JonesDay.com>; Jamie.Lynn@BakerBotts.com; Joseph R. White (jrw@smrw.com) <jrw@smrw.com>; Jeffrey M. <jwhite@jonesday.com>; Khoa <Khoa.Tran@wilmerhale.com>; Gregory <Gregory.Lantier@wilmerhale.com>; Michael A. <MValek@gibsondunn.com>; Aleksander <AGoranin@duanemorris.com>; blatham@bassberry.com; John A. <jamarlott@JonesDay.com>; Lindsey E. Martin <lem@painebickers.com>; mreiter@gibsondunn.com; Neema Jalali <NJalali@gibsondunn.com>; Tracey B. <TDavies@gibsondunn.com>; James Williams <James.Williams@millermartin.com>; Alison Haddock

<[AHHutton@duanemorris.com](mailto:AHHutton@duanemorris.com)>; [wjameson@duanemorris.com](mailto:wjameson@duanemorris.com); [jmiller@hsdlaw.com](mailto:jmiller@hsdlaw.com); hop.guy@BakerBotts.com; [michelle.eber@bakerbotts.com](mailto:michelle.eber@bakerbotts.com)

**Subject:** UTRF Cases -- Defendants' Unopposed Motion for Consolidated Case Management Conference

Counsel,

I am Crews Townsend, local counsel for Teradata. On behalf of all Defendants, please find for your review a draft motion for a consolidated case management conference. From our Rule 26(f) conference call, it is my understanding that you agreed that a case management conference might be a good idea, and although you would not join the motion, you would not oppose it. We drafted a formal motion because Judge Mattice is a stickler for having a motion before he will act. We certainly welcome and will consider any comments or suggestions you may have. I do hope that my understanding is correct and that you will permit us to represent that the motion is unopposed. My experience has been that when Judge Mattice conducts a case management conference, it is beneficial for both sides.

I apologize for interrupting your evening and look forward to your reply.

Best regards,
Crews

**Crews Townsend** 

**d** (423) 785-8297
**f** (423) 321-1571
Volunteer Building Suite 1200 | 832 Georgia Avenue | Chattanooga, TN 37402



CONFIDENTIALITY NOTICE
The information contained in this e-mail message is legally privileged and confidential, and is intended only for the use of the addressee. If you are not the intended recipient, please be aware that any dissemination, distribution or copy of this e-mail is prohibited. If you have received this e-mail in error, please immediately notify us by reply e-mail and delete this message and any attachments. Thank you.