IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **UNIVERSITY OF TENNESSEE RESEARCH FOUNDATION AND SAINT MATTHEW RESEARCH, LLC,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**MICROSOFT CORPORATION,**<br><br>*Defendant.* | Case No. 3:17-cv-00184-HSM-CCS<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS UNIVERSITY OF TENNESSEE RESEARCH FOUNDATION AND SAINT MATTHEW RESEARCH, LLC'S OPPOSITION
TO DEFENDANT MICROSOFT CORP.'S MOTION TO DISMISS
<u>PURSUANT TO FED. R. CIV. P. 12(B)(6)</u>**

- i -

UTRF AND SMR'S OPP. TO MICROSOFT CORP.'S MTD
Case 3:17-cv-00184-HSM-CCS   Document 31   Filed 09/21/17   Page 1 of 17   PageID #: 457

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................... 1

II. LEGAL STANDARDS .................................................................................... 2

III. ARGUMENT .................................................................................................... 3

    A) Plaintiffs Properly Plead Direct Infringement. .......................................... 3

        1) Plaintiffs are not required to plead specific facts for each and every element of the patent claims. ..................................................... 3

        2) The Complaint Alleges That All The Accused Products Infringe. ..... 7

    B) Plaintiffs Properly Plead Induced Infringement. ....................................... 8

        1) The Complaint Pleads Direct Infringement. ...................................... 8

        2) Pre-Suit Knowledge Is Not Required To Plead Inducement. ............ 9

    C) The Complaint Should Not Be Dismissed, But If Any Portion Is, Plaintiffs Should Be Granted Leave To Amend. ..................................... 10

IV. CONCLUSION ............................................................................................... 11

## Table Of Authorities

**Cases**

*02 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*,
   449 Fed. Appx 923 (Fed. Cir. 2011) ................................................................................ 9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................... *passim*

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................... *passim*

*DermaFocus LLC v. Ulthera, Inc.*,
   201 F. Supp. 3d 465 (D. Del. Aug. 11, 2016) .............................................................. 5, 6, 8

*Directv, Inc. v. Treesh*,
   487 F.3d 471 (6th Cir. 2007) ........................................................................................ 2

*EEOC v. Ohio Edison Co.*,
   7 F.3d 541 (6th Cir. 1993) .......................................................................................... 10

*Eli Lilly & Co. v. Teva Parenteral Medicines, Inc.*,
   845 F.3d 1357 (Fed. Cir. 2017) .................................................................................... 8

*EmeraChem Holdings, LLC v. Volkswagen Group of Am., Inc.*,
   No. 3:14-cv-132-PLR-HBG, 2014 U.S. Dist. LEXIS 157854 (E.D. Tenn. Nov. 6, 2014) ..... 4

*Erickson v. Pardus*,
   551 U.S. 89, 93 (2007) ............................................................................................ 3, 6

*Foman v. Davis*,
   371 U.S. 178 (1962) ................................................................................................. 10

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011) .................................................................................................. 8

*Goade v. Parker Compound Bows, Inc.*,
   No. 3:15-1067, 2016 U.S. Dist. LEXIS 68896 (M.D. Tenn. May 24, 2016) ........................ 2

*In re Bill of Lading Transmission and Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012) ............................................................................. *passim*

*In re Cast Iron Soil Pipe & Fittings Antitrust Litig.*,
   No. 1:14-md-2508, 2015 U.S. Dist. LEXIS 181064 (E.D. Tenn. Dec. 31, 2015) ................ 11

*John Keeler & Co. v. Heron Point Seafood, Inc.*,
   No. 1:14 CV 1652, 2017 U.S. Dist. LEXIS 138010 (N.D. Ohio Aug. 28, 2017) .......... 2, 5, 7

*Nuchols v. Berrong*,
   141 F. App'x 451 (6th Cir. 2005) .................................................................................. 2

*Patrick v. Wal–Mart, Inc.*,
   681 F.3d 614 (5th Cir. 2012) ....................................................................................... 2

*R+L Carriers, Inc. v. DriverTech LLC (In re Bill of Lading Patent Litig.)*,
   681 F.3d 1323 (Fed. Cir. 2012) .................................................................................... 4

*Robern, Inc. v. Glasscrafters, Inc.*,
  No. 16-1815, 2016 U.S. Dist. LEXIS 95590 (D.N.J. July 22, 2016) ....................................... 5

*Serv. Sols. U.S., LLC v. Autel US Inc.*,
  No. 13-10534, 2013 U.S. Dist. LEXIS 150036 (E.D. Mich. Oct. 18, 2013) ........................... 9

*Susan McKnight, Inc. v. United Indus. Corp.*,
  No. 16-cv-2534-JPM-tmp, 2017 U.S. Dist. LEXIS 116882 (W.D. Tenn. July 26, 2017) ...... 9

*United States ex rel. Bledsoe v. Cmty. Health Sys.*,
  342 F.3d 634 (6th Cir. 2003) ................................................................................................ 10

*Zimmer Surgical, Inc. v. Stryker Corp.*,
  No. 16-679-RGA-MPT, 2017 U.S. Dist. LEXIS 52679 (D. Del. Apr. 6, 2017) ............... 8, 10

**Other Authorities**

Fed. R. Civ. P. 84 Notes of Advisory Committee on Rules—2015 ........................................ 2

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................... 1, 2, 7
Fed. R. Civ. P. 15(a)(2) ........................................................................................................ 10
Fed. R. Civ. P. 8 ..................................................................................................................... 3
Fed. R. Civ. P. 8(a) ..................................................................................................... 1, 5, 10
Fed. R. Civ. P. 8(a)(2) ............................................................................................................ 2

## I. INTRODUCTION

Plaintiffs University of Tennessee Research Foundation ("UTRF") and Saint Matthew Research, LLC ("SMR") (collectively, "Plaintiffs") respectfully submit this Response to Microsoft Corp.'s ("Microsoft" or "Defendant") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Dkts. 24, 25 (Dkt. 25 is hereinafter referred to as "Motion" or "Mot.").

UTRF is the second-oldest university research foundation in the United States. Its mission is to promote, support, and carry out the research mission of the University of Tennessee, to enhance the competitive position of the University of Tennessee for research and development funding, facilitate expanded research and development activities and the University of Tennessee, and to facilitate the commercialization of the University of Tennessee research and the transfer of research-generated technology in furtherance of the economic development of the State of Tennessee. UTRF is responsible for licensing patents covering University of Tennessee inventions and collecting royalties on behalf of the University of Tennessee from those license agreements. SMR is an exclusive licensee of the patents asserted in the present action and assists UTRF's commercialization efforts with respect to these patents.

UTRF is the owner by assignment of the four patents at issue in this lawsuit, U.S. Patent Nos. 8,099,733 ("the '733 patent"), 6,741,983 ("the '983 patent"), 7,272,612 ("the '612 patent"), and 7,882,106 ("the '106 patent") (collectively, the "patents-in-suit"). The patents generally relate to advances in database technologies. Plaintiffs accuse several Microsoft database and cloud computing products of infringing the patents-in-suit.

Plaintiffs' pleading is straightforward, easy to understand, and puts Microsoft on notice of what products are accused of infringing the patents-in-suit and why. Plaintiffs' allegations far exceed the minimal "short and plain statement" required by Rule 8(a). Defendant's Motion attempts to raise the pleading standard far beyond what is required by law, essentially asking

Plaintiffs to prove their case in its initial pleading. Plaintiffs respectfully request the Court deny Defendant's Motion.

## II. LEGAL STANDARDS

"A motion to dismiss under Rule 12(b)(6) is disfavored and rarely granted." *Nuchols v. Berrong*, 141 F. App'x 451, 453 (6th Cir. 2005). "In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will 'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" *Goade v. Parker Compound Bows, Inc.*, No. 3:15-1067, 2016 U.S. Dist. LEXIS 68896, at *3 (M.D. Tenn. May 24, 2016) (citing *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).

Prior to December 2015, the Federal Rules proscribed a form for alleging patent infringement. The abrogation of Form 18 removed the simplified pleading form in patent cases, but "does not alter existing pleading standards or otherwise change the requirements of Civil Rule 8." Fed. R. Civ. P. 84 NOTES OF ADVISORY COMMITTEE ON RULES—2015. Under Rule 8(a)(2), "a plaintiff must set forth in its complaint a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *John Keeler & Co. v. Heron Point Seafood, Inc.*, No. 1:14 CV 1652, 2017 U.S. Dist. LEXIS 138010, at *6 (N.D. Ohio Aug. 28, 2017) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal–Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). The "plausibility requirement is not akin to a 'probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged." *In re Bill of Lading*, 681 F.3d at 1341 (citing *Twombly*, 550

- 2 -

UTRF AND SMR'S OPP. TO MICROSOFT CORP.'S MTD
Case No. 3:17-cv-00184-HSM-CCS

Case 3:17-cv-00184-HSM-CCS   Document 31   Filed 09/21/17   Page 6 of 17   PageID #: 462

U.S. at 556). The plaintiff need not "prove its case at the pleading stage." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III. ARGUMENT

#### A) Plaintiffs Properly Plead Direct Infringement.

Plaintiffs' pleading is "plausible on its face," *Iqbal*, 556 U.S. at 678, and thus meets the pleading standard for direct infringement. Plaintiffs have told Defendant what products they believe infringe the patents-in-suit, representative claims they assert are infringing, and a description of how those products infringe. Dkt. 1 (hereinafter, "Complaint")) at ¶¶ 56-154. Microsoft's Motion asks the Court to expand the pleading standards far beyond the "short and plain statement" required by Rule 8.

##### 1) Plaintiffs are not required to plead specific facts for each and every element of the patent claims.

Plaintiffs' Complaint contains the facts necessary under *Twombly* and *Iqbal* to "raise a right to relief above the speculative label." *Twombly*, 550 U.S. at 555. The Complaint details what products are specifically accused and how they relate to the asserted claims. The Supreme Court has explained that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"). *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

Microsoft's Motion is premised on the incorrect theory that Plaintiffs must prove their infringement case in their initial pleading. *See* Mot. at 4 ("This means a complaint must set forth factual allegations showing how the accused products operate, in the context of each limitation of at least one patent claim, to support a plausible allegation of patent infringement."). But that approach has already been rejected by the Federal Circuit in an appeal from a case originating in the Sixth Circuit, as well as by other courts. In *R+L Carriers, Inc. v. DriverTech LLC (In re Bill*

- 3 -

UTRF AND SMR'S OPP. TO MICROSOFT CORP.'S MTD
Case No. 3:17-cv-00184-HSM-CCS

*of Lading Transmission & Processing Sys. Patent Litig.)*, 681 F.3d 1323 (Fed. Cir. 2012), which originated in the Southern District of Ohio, the Federal Circuit considered the adequacy of pleading induced infringement under the Supreme Court's *Twombly/Iqbal* standard.[1] The Federal Circuit straightforwardly explained that the pleading standard under *Twombly/Iqbal* does not require facts that prove all aspects of a claim or even facts that make the claims probable.

> DriverTech is essentially arguing that, at the pleading stage, R+L must allege facts that prove all aspects of its claims, or at the very least make those claims probable. But that is not what is required. As the Supreme Court has explained, the plausibility requirement is not akin to a "probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal" that the defendant is liable for the misconduct alleged.

*In re Bill of Lading*, 681 F.3d at 1341 (quoting *Twombly*, 550 U.S. at 556).

The Court goes on to explain that:

> while [appellees] are correct that to prove infringement of a method patent a plaintiff must show that every step of the method is performed in the claimed order, nothing in *Twombly* or *Iqbal* demands this level of factual specificity at the pleading stage. *Such a requirement would be dangerously close to requiring a plaintiff to prove he is entitled to relief at the pleading stage*."

*Id.* (emphasis added). *See also EmeraChem Holdings, LLC v. Volkswagen Group of Am., Inc.*, No. 3:14-cv-132-PLR-HBG, 2014 U.S. Dist. LEXIS 157854, at *5-8 (E.D. Tenn. Nov. 6, 2014) (finding the plaintiff's allegations that "'diesel powered vehicles equipped with NOx Storage catalyst (NSC) that are covered by at least one claim of the '558 patent'" are sufficient under the *Iqbal* and *Twombly* standard, explaining that "Volkswagen knows what its NOx Storage catalysts and exhaust diagnostic systems do and what EmeraChem's patents claim. These claims provide sufficient notice of EmeraChem's contributory infringement claims against Volkswagen to

---

[1] *In re Bill of Lading* was decided prior to the abrogation of Form 18; its discussion of direct infringement is therefore inapposite. However, its holding on induced infringement applies the standards of *Twombly* and *Iqbal* and is therefore relevant to the current pleading standard for direct infringement, which after the abrogation of Form 18 must also meet those standards.

- 4 -

UTRF AND SMR'S OPP. TO MICROSOFT CORP.'S MTD
Case 3:17-cv-00184-HSM-CCS   Document 31   Filed 09/21/17   Page 8 of 17   PageID #: 464

survive a motion to dismiss."). Defendant's argument here that asks Plaintiffs to lay out facts proving that every element of each asserted claim reaches too far. Mot. at 4.

Rule 8(a) does not require an element-by-element analysis of a patent's claims. "A plaintiff may have a plausible claim for direct infringement 'sufficient to withstand *Iqbal/Twombly* scrutiny' by 'specifically identifying . . . products' which 'perform the same unique function as [the] patented system.'" *DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 469 (D. Del. Aug. 11, 2016) (quoting *Robern, Inc. v. Glasscrafters, Inc.*, No. 16-1815, 2016 U.S. Dist. LEXIS 95590, at *4 (D.N.J. July 22, 2016)).[2]

Plaintiffs' Complaint contains a plausible claim for direct infringement because it defines what products are accused of infringing the patents-in-suit, all of which are Microsoft server or database products and points to specific information from Microsoft documentation that tie the accused products to the subject matter of the patents-in-suit. Complaint, ¶¶ 58, 86, 111, 137. For example, with respect to Count I, which asserts infringement of the '773 patent, which relates to a "parallel data processing architecture for search" with "a plurality of host processors" that rely on a particular "method of balancing workload between" the processors. '733 Patent, Claim 18. The Complaint identifies specific Microsoft products (*i.e.*, Microsoft SQL Server (versions SQL Server 2012, SQL Server 2014, and SQL Server 2016); Microsoft Windows Server (versions

---

[2] *See also John Keeler*, 2017 U.S. Dist. LEXIS 138010, at *8-9:
> While the court concludes that the standard articulated in *Twombly* and *Iqbal* applies in cases like this one—where an amended complaint has been filed after the abrogation of Form 18—the court cannot overlook the reason that the forms existed in the first place. Relatively few causes of action were given forms in the Federal Rules. And, those given forms were simple, intuitive claims that could be pled with little detail while still putting defendants on notice of the alleged conduct of which they were accused. *Twombly* and *Iqbal* seem not to cast doubt on this role. Indeed, the Court in *Twombly* took pains to say that their decision was not meant to raise pleading standards. . . . Lower courts routinely followed *Twombly* in this regard.

- 5 -

Windows Server 2012, Windows Server 2012 R2, and Windows Server 2016); and Microsoft High Performance Computing (versions Microsoft HPC Pack 2012, Microsoft HPC Pack 2012 R2, and HPC Pack 2016)) accused of infringing the '733 Patent. Complaint, ¶ 58. The Complaint points to Microsoft documentation discussing how the accused products have Network Load Balancers ("NLB") that "scale-out query capacity" (*e.g.*, search). Complaint, ¶ 60. The Complaint contains detailed discussion detailing the functionality of the accused products underpinning Plaintiffs' allegations of infringement. *Id.*, ¶¶ 61-73. Finally, Count I identifies a representative claim (claim 18) of the '733 patent which Plaintiffs specifically identify as infringed. *Id.*, ¶ 77.

The Complaint similarly highlights facts about Microsoft's accused products and relates them to the claims of the other patents-in-suit. *See* Complaint at ¶¶ 89, 91, 93, 94, 95, 100 (citing facts showing Microsoft database products organize data into clusters as discussed in the '983 patent); ¶¶ 116-118 (citing facts showing that Microsoft database products partition data into groups as discussed in the '612 patent); ¶¶ 140, 142 (citing facts showing Microsoft database products comprise a parallel data processing system as discussed in the '106 patent.). This information is more than sufficient to plead direct infringement. *See DermaFocus*, 201 F. Supp. 3d at 469 ("A plaintiff may have a plausible claim for direct infringement 'sufficient to withstand *Iqbal/Twombly* scrutiny' by 'specifically identifying . . . products' which 'perform the same unique function as [the] patented system.'") (citation omitted); *Erickson*, 551 U.S. at 93 ("[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'") (quoting *Twombly*, 550 U.S. at 555).

Further, Plaintiffs cite to numerous internal Microsoft documents that provide additional detail about the accused products and how they operate. *See* Complaint, ¶¶ 80 n.33, 105 n.36, 131 n.37, 151, n.40. These documents are part of the Complaint and must be considered by the Court in deciding this Motion.³ *See John Keeler*, 2017 U.S. Dist. LEXIS 138010 at *7 ("These pleadings (and any documents or exhibits attached or incorporated by reference) are the only material that the court will consider when making its 12(b)(6) decision."). These documents are additional facts that "raise a right to relief above the speculative label." *Twombly*, 550 U.S. at 555.

Consequently, Plaintiffs pleaded facts that specifically relate the accused products to the patent claims. These facts "'raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged," and are sufficient to plead direct infringement. *In re Bill of Lading*, 681 F.3d at 1341 (citing *Twombly*, 550 U.S. at 556).

### 2) The Complaint Alleges That All The Accused Products Infringe.

For each of the accused patents, the Complaint accuses certain defined Microsoft products of infringing the patents-in-suit. *See* Complaint, ¶¶ 76, 102, 126, 147. For each patent, the Complaint accuses products "including but not limited to the [Accused Products]." *Id.* Consequently, the Complaint is clear that it accuses each of the defined accused products.

---

³ Plaintiffs incorporated 30 publicly-available Microsoft documents and presentations providing extensive technical detail as to the architecture and operation of the products accused of infringing the patents-in-suit. Declaration of Daniel P. Hipskind ("Hipskind Decl.") at ¶ 2. Exhibits A-C of the Hipskind Declaration are samples of the documentation cited and incorporated by reference into Plaintiffs' Complaint that provides extensive details regarding the operation and technical capabilities of Microsoft's accused products. Rather than including hundreds of pages of technical documentation included in the 30 Microsoft documents incorporated by reference as exhibits to this filing, Plaintiffs have provided the samples included in Exhibits A-C to show the extensive nature of the technical information relating to the accused products incorporated into Plaintiffs' Complaint. Should the Court request, Plaintiffs are prepared to submit the remaining 27 Microsoft documents incorporated into Plaintiffs' Complaint.

Microsoft makes an overly semantic argument that Plaintiffs have pled in some circumstances that "one or more" of the products meet a particular limitation, and that the Complaint is somehow deficient for that. Mot. at 9-10. Microsoft again overstates what is required in a pleading. As the Federal Circuit explained:

> while [appellees] are correct that to prove infringement of a method patent a plaintiff must show that every step of the method is performed in the claimed order, nothing in *Twombly* or *Iqbal* demands this level of factual specificity at the pleading stage. Such a requirement would be dangerously close to requiring a plaintiff to prove he is entitled to relief at the pleading stage."

*In re Bill of Lading*, 681 F.3d at 1341 (quoting *Twombly*, 550 U.S. at 556).

Plaintiffs' Complaint puts Microsoft on notice of which of its products are accused and how those products infringe. That is sufficient, especially where, as here, the Complaint makes clear that *each* of the accused products is said to infringe. *See Zimmer Surgical, Inc. v. Stryker Corp.*, No. 16-679-RGA-MPT, 2017 U.S. Dist. LEXIS 52679, at *12 (D. Del. Apr. 6, 2017) (rejecting argument that definition of accused products was too broad).

### B) Plaintiffs Properly Plead Induced Infringement.

Plaintiffs also allege that Microsoft induces infringement of the patents-in-suit. Complaint, ¶¶ 78-80; 103-105; 128-130; 149-151. To plead inducement, Plaintiffs must plead an act of direct infringement and plead that Defendant had the specific intent to induce infringement. *See Eli Lilly & Co. v. Teva Parenteral Medicines, Inc.*, 845 F.3d 1357, 1363-64 (Fed. Cir. 2017). Liability for induced infringement "requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

#### 1) The Complaint Pleads Direct Infringement.

As discussed *supra*, §III.A, Microsoft relies on an overly strict interpretation of the pleading standard for direct infringement. Because Plaintiffs have properly pled direct infringement, its argument that Plaintiffs have failed to show inducement also fails.

- 8 -

UTRF AND SMR'S OPP. TO MICROSOFT CORP.'S MTD
Case No. 3:17-cv-0018-HSM-CCS

Case 3:17-cv-00184-HSM-CCS   Document 31   Filed 09/21/17   Page 12 of 17   PageID #: 468

*DermaFocus*, 201 F. Supp. 3d at 469 ("A plaintiff may have a plausible claim for direct infringement 'sufficient to withstand *Iqbal/Twombly* scrutiny' by 'specifically identifying . . . products' which 'perform the same unique function as [the] patented system.'") (citations omitted).

Even if Plaintiffs' direct infringement allegations were inadequate, which they are not, the Complaint alleges that Microsoft's customers directly infringe, and that Microsoft induces their infringement. Complaint, ¶¶ 78-80; 103-105; 128-130; 149-151. That is enough to plead direct infringement in the context of an inducement claim. *See, e.g. Susan McKnight, Inc. v. United Indus. Corp.*, No. 16-cv-2534-JPM-tmp, 2017 U.S. Dist. LEXIS 116882, at *11 (W.D. Tenn. July 26, 2017) ("In establishing the predicated direct infringement, a patentee need not present direct evidence of infringement, because a finding that the accused device contains all the limitations of the asserted claims may be done with direct or circumstantial evidence.") (citing *02 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd*., 449 Fed. Appx 923, 928 (Fed. Cir. 2011)). Plaintiffs have pleaded facts (*e.g*., the numerous Microsoft manuals and product information incorporated by reference into the Complaint) sufficient to support an inference of direct infringement. Nothing more is required. *See In re Bill of Lading*, 681 F.3d at 1336 ("Given that a plaintiff's indirect infringement claims can succeed at trial absent direct evidence of a specific direct infringer, we cannot establish a pleading standard that requires something more.").

### 2) Pre-Suit Knowledge Is Not Required To Plead Inducement.

Microsoft also argues that Plaintiffs' induced infringement claims for the '733 and '106 patents should be dismissed because the Complaint does not plead pre-suit knowledge. However, Courts in the Sixth Circuit have found that pre-suit knowledge *is not required* to plead a claim of induced infringement. *See Serv. Sols. U.S., LLC v. Autel US Inc.*, No. 13-10534, 2013 U.S. Dist. LEXIS 150036, at *29 (E.D. Mich. Oct. 18, 2013):

> As a matter of common sense, once Defendants became aware of this lawsuit, they had demonstrable knowledge of the patents-in-suit. Any activity undertaken by Defendants to encourage infringing product use since then would clearly be done with knowledge of the patents. Thus, the Court will join those courts that have followed *Walker Digital* and hold that pre-suit knowledge of the patents-in-suit is unnecessary to properly plead induced infringement. Plaintiff's service of that complaint upon Defendants is sufficient to show knowledge of the patents-in-suit at least as of the date of service and that knowledge is enough to sustain Plaintiff's allegations of induced infringement.

Other courts agree that service of the complaint can satisfy the knowledge requirement for inducement. *See, e.g., Zimmer Surgical, Inc. v. Stryker Corp.*, No. 16-679-RGA-MPT, 2017 U.S. Dist. LEXIS 52679, at *16 (D. Del. Apr. 6, 2017) ("receipt of the complaint and a defendant's decision to continue its conduct thereafter, despite information in the complaint, satisfies the knowledge element for inducement."). Microsoft's arguments on this issue are off base.

At a minimum, with regard to the '733 and '106 patents, Plaintiffs have pleaded that Microsoft induces infringement at least as of the time of the Complaint, which is sufficient to sustain the inducement claim at the pleading stage.

### C) The Complaint Should Not Be Dismissed, But If Any Portion Is, Plaintiffs Should Be Granted Leave To Amend.

Plaintiffs' Complaint fully satisfies Rule 8(a), and Plaintiffs respectfully request that the Court deny Microsoft's Motion. To the extent the Court agrees with any of Defendant's arguments, however, Plaintiffs respectfully request leave to amend the Complaint. Leave to amend should be "freely given." *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires"); *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'"); *United States ex rel. Bledsoe v. Cmty. Health Sys.*, 342 F.3d 634, 644 (6th Cir. 2003) ("where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."

(quoting *EEOC v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir. 1993)). *See also In re Cast Iron Soil Pipe & Fittings Antitrust Litig.*, No. 1:14-md-2508, 2015 U.S. Dist. LEXIS 181064, at *13 (E.D. Tenn. Dec. 31, 2015) (noting "the Sixth Circuit's liberal policy of permitting amendments so that cases may be decided on the merits and not on technical pleading standards. . . .").

## IV. CONCLUSION

Plaintiffs have complied with the relevant standards for pleading direct and induced patent infringement, and respectfully requests that the Court deny Microsoft's Motion to Dismiss. To the extent the Court agrees with any of Defendant's contentions, Plaintiffs respectfully request leave to amend the Complaint.

Dated:  September 21, 2017

Respectfully submitted,

s/Daniel P. Hipskind
WAYNE A. RITCHIE II (BPR 013936)
JAMES R. STOVALL (BPR #032512)
RITCHIE, DILLARD, DAVIES
& JOHNSON, P.C.
606 West Main Avenue, Suite 300
P.O. Box 1126
Knoxville, Tennessee 37901-1126
(865) 637-0661
E-mail: war@rddjlaw.com
E-mail: jstovall@rddjlaw.com

OF COUNSEL:
Dorian S. Berger (CA SB No. 264424)
*Admitted pro hac vice*
Daniel P. Hipskind (CA SB No. 266763)
*Admitted pro hac vice*
Eric B. Hanson (CA SB No. 254570)
*Admitted pro hac vice*
BERGER & HIPSKIND LLP
1880 Century Park East, Ste. 815
Los Angeles, CA 95047
Telephone: 323-886-3430
Facsimile: 323-978-5508
E-mail: dsb@bergerhipskind.com
E-mail: dph@bergerhipskind.com
E-mail: ebh@bergerhipskind.com

*Attorneys for Plaintiffs University of
Tennessee Research Foundation and Saint
Matthew Research, LLC*

- 12 -

UTRF AND SMR'S OPP. TO MICROSOFT CORP.'S MTD
Case No. 3:17-cv-0018-HSM-CCS

Case 3:17-cv-00184-HSM-CCS   Document 31   Filed 09/21/17   Page 16 of 17   PageID #: 472

## **CERTIFICATE OF SERVICE**

      I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this September 21, 2017 with a copy of this document via the Court's CM/ECF System.

                                       /s/ Daniel P. Hipskind
                                          Daniel P. Hipskind