IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNIVERSITY OF TENNESSEE RESEARCH FOUNDATION AND SAINT MATTHEW RESEARCH, LLC,<br><br>*Plaintiffs,*<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>*Defendant.* | *Civil Action No. 3:17-cv-00184-HSM-CCS*<br><br>JURY TRIAL DEMANDED |

**REPLY BRIEF IN SUPPORT OF DEFENDANT MICROSOFT CORPORATION'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**

## TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ..........................................................................................................1

II. ARGUMENT .................................................................................................................2

    A. Plaintiffs Ask the Court to Apply the Wrong Legal Standard to Assess the Adequacy of Their Pleading. ..................................................................2

    B. Plaintiffs Do Not Dispute that the Complaint Lacks Factual Allegations for Many of the Limitations of the Asserted Patent Claims. .................................4

    C. Plaintiffs' Failure To Allege that Each Accused Product Infringes Each Claim Limitation Cannot Be Disregarded as "Overly Semantic" Because the Complaint (Not Plaintiffs' Brief) Must Set Forth a Plausible Claim. ................7

    D. Because Plaintiffs Have Failed to Plausibly Plead Direct Infringement, Their Claim for Indirect Infringement Also Fails. ....................................................8

    E. The Court Should Dismiss Plaintiffs' Indirect Infringement Claims for the '733 and '106 Patents for the Additional Reason that They Do Not Allege Pre-Suit Knowledge. ......................................................................9

III. CONCLUSION ............................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..............................................................................................1, 3, 4, 5, 6

*Atlas IP, LLC v. Exelon Corp.*,
   189 F. Supp. 3d 768 (N.D. Ill. 2016) ......................................................................2, 3, 4

*Atlas IP v. City of Naperville*,
   No. 15 C 10744, 2016 WL 3907029 (N.D. Ill. July 19, 2016) ....................................3

*In re Bill of Lading Transmission*,
   681 F.3d 1323 (Fed. Cir. 2012)..............................................................................2, 7, 8

*Booker v. Wash. Mut. Bank, FA*,
   375 F. Supp. 2d 439 (M.D.N.C. 2005) ..........................................................................7

*Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*,
   904 F. Supp. 2d 1260 (M.D. Fla. 2012) ........................................................................9

*CG Tech. Dev., LLC v. FanDuel, Inc.*,
   No. 2:16-cv-801-RCJ-VCF, 2016 WL 6089693 (D. Nev. Oct. 18, 2016)................4

*Cont'l Circuits LLC v. Intel Corp.*,
   No. CV-16-2026-PHX-DGC, 2017 WL 679116 (D. Ariz. Feb. 21, 2017) .................3

*DermaFocus LLC v. Ulthera, Inc.*,
   201 F. Supp. 3d 465 (D. Del. 2016)..............................................................................6

*e.Digital Corp. v. iBaby Labs, Inc.*,
   No. 15-CV-05790-JST, 2016 WL 4427209 (N.D. Cal. Aug. 22, 2016)...............3, 8

*EmeraChem Holdings, LLC v. Volkswagen Grp. of Am., Inc.*,
   No. 3:14-CV-132-PLR-HBG, 2014 WL 5795027 (E.D. Tenn. Nov. 6, 2014).........2

*Haddad v. M & T Bank*,
   No. CIV. PJM-13-3542, 2014 WL 1870850 (D. Md. May 6, 2014) ........................7

*John Keeler & Co., Inc. v. Heron Point Seafood, Inc.*,
   No. 1:14-CV-1652, 2017 WL 3705863 (N.D. Ohio Aug. 28, 2017).........................3

*Macronix Int'l Co. v. Spansion Inc.*,
   4 F. Supp. 3d 797 (E.D. Va. 2014) ...............................................................................4

*Novitaz, Inc. v. inMarket Media, LLC*,
   No. 16-cv-6795-EJD, 2017 WL 2311407 (N.D. Cal. May 26, 2017) ....................3, 4

*Proxyconn Inc. v. Microsoft Corp.*,
    No. 11-CV-1681, 2012 WL 1835680 (C.D. Cal. May 16, 2012) ............................................9

*RAH Color Techs. LLC v. Ricoh USA Inc.*,
    194 F. Supp. 3d 346 (E.D. Pa. 2016) ...................................................................................3

*Raindance Technologies, Inc. v. 10x Genomics, Inc.*,
    No. 15-cv-152-RGA, 2016 WL 927143 (D. Del. Mar. 4, 2016) ..............................................5

*Rampage LLC v. Glob. Graphics SE*,
    No. 16-CV-10691-ADB, 2017 WL 239328 (D. Mass. Jan. 19, 2017) ...................................3

*Robern, Inc. v. Glasscrafters, Inc.*,
    206 F. Supp. 3d 1005 (D.N.J. 2016) .....................................................................................3

*Serv. Sols. U.S., LLC v. Autel U.S. Inc.*,
    No. 13-10534, 2013 WL 5701063 (E.D. Mich. Oct. 18, 2013) ..............................................9

*Simplivity Corp. v. Springpath, Inc.*,
    No. CV 4:15-13345-TSH, , 2016 WL 5388951 (D. Mass. July 15, 2016) ............................9

*Susan McKnight, Inc. v. United Indus. Corp.*,
    No. 16-CV-2534-JPM-TMP, 2017 WL 3174951 (W.D. Tenn. July 26, 2017) ......................8

*Tai v. Minka Lighting, Inc.*,
    No. CV-16-02810-PHX-DLR, 2017 WL 568519 (D. Az. Feb. 13, 2017) ..............................8

*TeleSign Corp. v. Twilio, Inc.*,
    No. CV 16-2106-PSG-SSX, 2016 WL 4703873 (C.D. Cal. Aug. 3, 2016) ............................8

*Zimmer Surgical, Inc. v. Stryker Corp.*,
    No. CV 16-679-RGA-MPT, 2017 WL 3736750 (D. Del. Aug. 30, 2017) ...........................8, 9

## I. INTRODUCTION

Plaintiffs' Complaint fails to meet the governing pleading standard. As Microsoft explained in its opening brief (herein Microsoft's "Motion" or "Mot." (Dkt. 25)), since December 2015, when Form 18 and Rule 84 were abrogated, it has been uniformly held that a patent complaint must meet the standard described in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under this standard, the complaint must allege facts—rather than mere legal conclusions—plausibly demonstrating that each accused product satisfies every limitation of the asserted patent claim. But Plaintiffs do not dispute that their Complaint lacks factual allegations for many of the limitations in their asserted patent claims, including for those claim limitations that Microsoft identified for each of the four patents-in-suit on pages 6-9 of its Motion.

Instead, Plaintiffs premise their Opposition on a challenge to the pleading standard itself. They say that because a complaint need not *prove* entitlement to relief, their Complaint need not contain factual allegations for "each and every element of the patent claims." Opposition (or "Opp.") (Dkt. 31) at 3. But the latter does not follow from the former. Plaintiffs' ultimate burden to prove their allegations is not the issue raised in Microsoft's Motion. Rather, the issue before the Court now is Plaintiffs' failure to provide many of those necessary factual allegations in the first place—a failure rooted in an absence of facts demonstrating that it is plausible that each product accused satisfies each element of each asserted claim. The citations to product literature in the Complaint, moreover, do not supply those missing allegations because Plaintiffs have done nothing, neither in the Complaint, nor in their Opposition, to connect those citations to the claim limitations that Microsoft has shown in its Motion lack supporting factual allegations. *See* Mot. at 6-9.

Without dispute, Form 18 no longer exists. Thus, the Form 18 cases on which Plaintiffs premise their Opposition cannot save their Complaint. And Plaintiffs have no response to the

1

many post-abrogation decisions Microsoft cited demonstrating that the governing legal standard requires factual allegations for all of the claim limitations. Because Plaintiffs' Complaint does not provide such allegations, it should be dismissed.

## II. ARGUMENT

### A. Plaintiffs Ask the Court to Apply the Wrong Legal Standard to Assess the Adequacy of Their Pleading.

Plaintiffs do not deny that the Complaint fails to allege facts to show that every claim limitation is plausibly satisfied by the accused products. Instead, they argue that such allegations are not required because it is enough that the Complaint "defines what products are accused of infringing the patents-in-suit." Opp. at 5. Plaintiffs attempt to support this argument by relying on *In re Bill of Lading Transmission*, 681 F.3d 1323 (Fed. Cir. 2012), and *EmeraChem Holdings, LLC v. Volkswagen Grp. of Am., Inc.*, No. 3:14-CV-132-PLR-HBG, 2014 WL 5795027 (E.D. Tenn. Nov. 6, 2014), which followed *Bill of Lading*. Opp. at 3-5, 8-9. But neither case reflects the current law, and Plaintiffs concede as much in a footnote: "*In re Bill of Lading* was decided *prior to* the abrogation of Form 18" and thus "its discussion of direct infringement is . . . *inapposite*." *Id.* at 4 n.1 (emphasis added). Plaintiffs' concession is necessary because the Federal Circuit expressly premised *Bill of Lading* on the fact that Form 18 and Rule 84—then still in force—made the pleading standard for patent infringement less "stringent" than the general pleading standard announced in *Twombly* and *Iqbal*." 681 F.3d at 1334-35. Thus, when the Supreme Court abrogated Rule 84 and Form 18 in December 2015, that abrogation superseded *Bill of Lading* and its Form 18 progeny, and so it is now beyond dispute that the "*Twombly-Iqbal* canon" governs patent complaints as well. *See, e.g.*, *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp.

2

3d 768, 775 (N.D. Ill. 2016); *accord*, *e.g.*, *Robern, Inc. v. Glasscrafters, Inc.*, 206 F. Supp. 3d 1005, 1010 (D.N.J. 2016).[1]

As Microsoft explained in its Motion, to plead direct infringement, the *Twombly-Iqbal* canon requires that the complaint allege facts to show *how* every claim limitation is plausibly met by the accused products. *See* Mot. at 3-4 (collecting cases). Under *Iqbal* and *Twombly,* it is not enough, as Plaintiffs contend, to simply announce which products are accused: A complaint must do more than "g[i]ve adequate notice of Defendant's allegedly infringing products." *Robern*, 206 F. Supp. 3d at 1012; *see Atlas IP v. City of Naperville*, No. 15 C 10744, 2016 WL 3907029, at *3 (N.D. Ill. July 19, 2016) (allegation that the accused product "has" the claimed feature does not suffice). Rather, as the Court held in *Iqbal*, the complaint must contain "factual allegations" showing each of "the elements" of the cause of action. *Iqbal*, 556 U.S. at 675. And for direct infringement in a patent case that means showing that each accused product plausibly satisfies each patent claim element. *See*, *e.g.*, *Atlas IP*, 189 F. Supp. 3d at 775; *Robern*, 206 F. Supp. 3d at 1011-12, *Novitaz*, 2017 WL 2311407, at *3-4.

---

[1] The Advisory Committee's statement that the absence of Rule 84 "does not alter existing pleading standards or otherwise change the requirements of Civil Rule 8" (Dkt. 31 at 2 (citation omitted)) *confirms* that the general "pleading standards" of *Iqbal* apply, as numerous courts have explained. *See*, *e.g.*, *e.Digital Corp. v. iBaby Labs, Inc.*, No. 15-CV-05790-JST, 2016 WL 4427209, at *3 (N.D. Cal. Aug. 22, 2016); *RAH Color Techs. LLC v. Ricoh USA Inc.*, 194 F. Supp. 3d 346, 350 (E.D. Pa. 2016); *Novitaz, Inc. v. inMarket Media, LLC*, No. 16-cv-6795-EJD, 2017 WL 2311407, at *2 n.1 (N.D. Cal. May 26, 2017); *Cont'l Circuits LLC v. Intel Corp.*, No. CV-16-2026-PHX-DGC, 2017 WL 679116, at *4 (D. Ariz. Feb. 21, 2017). To the extent Plaintiffs suggest that *John Keeler & Co., Inc. v. Heron Point Seafood, Inc.*, No. 1:14-CV-1652, 2017 WL 3705863 (N.D. Ohio Aug. 28, 2017), stands for the proposition that complaints as threadbare as those allowed by Form 18 are still viable, that result is contrary to what "[t]he vast majority" of courts have concluded. *Rampage LLC v. Glob. Graphics SE*, No. 16-CV-10691-ADB, 2017 WL 239328, at *2 (D. Mass. Jan. 19, 2017). Moreover, *John Keeler* is distinguishable because the court there held that complaint actually did plead facts showing that each and every limitation of the relatively simple claim at issue was plausibly met. *See* 2017 WL 3705863, at *4.

3

Plaintiffs do not distinguish (or even acknowledge) *any* of the post-abrogation-of-Form-18 decisions from courts throughout the country that Microsoft cited for exactly this proposition. Instead, Plaintiffs cite precedent discussing a different principle, *i.e.*, that a patentee need not "prove" its claim in the complaint. Opp. at 3-9. That truism is beside the point here. While "a court must accept as true all of the allegations contained in a complaint"—and thus the complaint need not submit *evidence* that the allegations are true—the court does not accord this treatment to "legal conclusions." *Iqbal*, 556 U.S. at 678. Where the complaint simply recites a patent claim element and concludes it is met, without any factual allegations as to how that plausibly could be, it is merely offering a legal conclusion. *See*, *e.g.*, *Novitaz*, 2017 WL 2311407, at *4; *CG Tech. Dev., LLC v. FanDuel, Inc.*, No. 2:16-cv-801-RCJ-VCF, 2016 WL 6089693, at *3 (D. Nev. Oct. 18, 2016); *Atlas IP*, 189 F. Supp. 3d at 775; *Macronix Int'l Co. v. Spansion Inc.*, 4 F. Supp. 3d 797, 804 (E.D. Va. 2014). Such threadbare conclusions do not support a plausible claim. *Id.* Because Plaintiffs' direct infringement claims lack factual allegations for each and every limitation of the asserted claims for all four patents-in-suit, Plaintiffs' Complaint must be dismissed.

### B. Plaintiffs Do Not Dispute that the Complaint Lacks Factual Allegations for Many of the Limitations of the Asserted Patent Claims.

Plaintiffs do not deny that, for many of the key elements of the asserted patent claims, the Complaint does no more than recite the element and offer a legal conclusion that it is met. Yet, again, Plaintiffs contend simply that the "Complaint puts Microsoft on notice of which of its products are accused and how those products infringe" (Opp. at 8) by either reciting factual allegations or quoting the description provided in product documentation allegedly pertaining to *some* of the claim elements (*id.* at 5-7). This does not suffice, because: (a) satisfying less than *all* of the claim elements does not state a plausible claim for infringement; and (b) as explained in Microsoft's Motion, the description Plaintiffs quote from the product documentation in the

4

Complaint bears no apparent connection to the limitations of the asserted patent claims. *See* Mot. at 7-8 (citing *Raindance Technologies, Inc. v. 10x Genomics, Inc.*, No. 15-cv-152-RGA, 2016 WL 927143, at *2 (D. Del. Mar. 4, 2016) (dismissing the complaint where the plaintiff made "no attempt to relate any [of its] factual assertions with any of the asserted claims")).

Here, these deficiencies are especially problematic because the accused products are complex software products and services with thousands of features. Incorporating a hodgepodge of product documents referring to numerous features of various products does nothing to put Microsoft on notice as to *how* those products and features allegedly satisfy the limitations of the asserted patent claims. *See* Dkt. 31 at 7 n.3.

Plaintiffs' Complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The documents and allegations Plaintiffs refer to in their Opposition, however, "stop[] short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* For example, with respect to the '733 patent, as Microsoft explained, there are at least four different claim limitations[2] for which the Complaint offers no factual allegations. Dkt 25 at 6-7. Plaintiffs do not refer to *any* of those four limitations in their Opposition. All Plaintiffs say is that the Complaint cites a document referring to "Network Load Balancers ('NLB') that 'scale-out query capacity (e.g., search).'" Dkt. 31 at 6 (citing Dkt. 1 ¶ 60). But it is neither clear, nor anywhere stated in either

---

[2] These four limitations require that "each host processor" is (i) "broadcasting . . . load information of its processor capacity and search queue length to at least one other" host processor, (ii) "bringing its search queue of client queries into balance . . . according to a time constant responsive to receipt of" the broadcast capacity and broadcasted information, (iii) "exchanging unprocessed search requests with a recipient host processor responsive to a stochastic selection process," and (iv) "exchanging a block of search requests . . . and adjusting the size of the block . . . according to relative processing speeds of host processors and inter-processor communications protocol between the host processors." *See* Dkt 25 at 6-7.

5

the Complaint or even in Plaintiffs' Opposition, how scaling-out query capacity has anything to do with any of the four claim limitations that Microsoft identified as lacking factual allegations.

Microsoft identified similar shortcomings for each of the other three asserted patents (Dkt. 25 at 7-9), which Plaintiffs likewise fail to address in their Opposition. For the '106 and '612 patents, Microsoft explained that there are no factual allegations for various claim limitations requiring that data be partitioned by the computer (as opposed to a user) defining a "function" that considers "a combination of measures of entropy and adjacency." Dkt. 25 at 8. All Plaintiffs say in response is that the Complaint alleges facts showing that Microsoft's database products "partition data into groups" and "comprise a parallel data processing system." Dkt. 31 at 6. But those facts, even if alleged and true, are "merely consistent with" liability; they do not cross the line from mere possibility to a plausible claim, *see Iqbal*, 556 U.S. at 678, because they say nothing about how the computer allegedly partitions the data, much less identify the alleged "function" in those products that considers both "entropy" and "adjacency" according to the particular requirements of the asserted '106 and '612 patent claims.[3]

The same is true for the '983 patent, which, as explained in Microsoft's Motion, requires the application of a particular mathematical technique to formulate and perform a "test" to organize data into clusters. *See* Dkt. 25 at 7. Plaintiffs, however, point to no facts identifying this "test," nor how the accused products allegedly formulate and perform it. Instead, all Plaintiffs say is that

---

[3] This case is distinguishable from *DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465 (D. Del. 2016), where a "variety of transducer configurations" could infringe the asserted patent claim and thus the court concluded that the plaintiff did not need to allege that the accused product contained a particular such configuration. *Id.* at 469. By contrast, the patents here require searching, partitioning, and clustering according to the particular functions and processes recited in the asserted patent claims. Because, unlike the claim in *DermaFocus*, the patent claims here are limited to these particular claim elements, there must be factual allegations in the Complaint showing how each of those elements is allegedly satisfied by each of the accused products.

6

the Complaint cites facts showing that those products "organize data into clusters." *See* Dkt. 31 at 6. While "organizing data into clusters" is related to one element of the asserted '983 patent claim, that allegation, even if true, is merely consistent with liability. To make out a plausible claim, the Complaint must allege facts for each of the other claim limitations as well.

### C. **Plaintiffs' Failure To Allege that Each Accused Product Infringes Each Claim Limitation Cannot Be Disregarded as "Overly Semantic" Because the Complaint (Not Plaintiffs' Brief) Must Set Forth a Plausible Claim.**

As explained in Microsoft's Motion, for the '733, '983 and '612 patents, the Complaint alleges only that "one or more" of multiple accused products meet various claim limitations, as opposed to stating that *all* those products meet *all* the limitations. *See* Dkt. 25 at 9-10. Plaintiffs try to diminish this as an "overly semantic" reading of the Complaint—but that is the language they chose for their pleadings. *See* Dkt. 31 at 7-8. If Plaintiffs wish to accuse multiple products of infringement, they need to adequately plead facts showing that each product satisfies each element in their complaint. "A memorandum in opposition . . . cannot remedy the defects in a party's complaint." *Booker v. Wash. Mut. Bank, FA*, 375 F. Supp. 2d 439, 441 (M.D.N.C. 2005); *accord*, *e.g.*, *Haddad v. M & T Bank*, No. CIV. PJM-13-3542, 2014 WL 1870850, at *3 (D. Md. May 6, 2014) ("Plaintiffs cannot fix the deficiencies of the Complaint in a brief in opposition to a motion to dismiss.").

Rather than try to amend their Complaint, Plaintiffs refuse to do so, premising that refusal on two cases that do not support their position. Opp. at 8. First, they cite *Bill of Lading*, which, as explained above, was superseded in December 2015. In any event, that case does not support Plaintiffs because the complaint there stated that the same allegations applied for all of the accused products, not merely for "one or more" of those products, as does the Complaint here. *See Bill of Lading*, 681 F.3d at 1335. The second case, also does not support Plaintiffs because the complaint in that case actually pled that each of the two accused products met all of the elements of the

7

asserted patent claims. *See Zimmer Surgical, Inc. v. Stryker Corp.*, No. CV 16-679-RGA-MPT, 2017 WL 3736750, at *1 (D. Del. Aug. 30, 2017). Here, because Plaintiffs' allegations do not allege that "any one product . . . performs all elements" of any patent claim, they do not state a claim for infringement. *TeleSign Corp. v. Twilio, Inc.*, No. CV 16-2106-PSG-SSX, 2016 WL 4703873, at *3 (C.D. Cal. Aug. 3, 2016).

      **D.    Because Plaintiffs Have Failed to Plausibly Plead Direct Infringement, Their Claim for Indirect Infringement Also Fails.**

Plaintiffs correctly acknowledge that "[t]o plead inducement, Plaintiffs must plead an act of direct infringement and plead that Defendant had the specific intent to induce infringement." Opp. at 8. Yet they inexplicably deny that a claim for indirect infringement must meet the pleading standard for all the elements of that claim—including alleging facts to show how each of the claim elements necessary to establish direct infringement are allegedly satisfied. *See id.* at 9.

Plaintiffs' argument is incorrect. Even the cases cited in their Opposition make clear that indirect infringement must be predicated on a sufficient claim for direct infringement. *See Bill of Lading*, 681 F.3d at 1333 ("[b]ecause liability for indirect infringement of a patent requires direct infringement," a "complaint[] must plausibly allege that the [asserted] patent [i]s directly infringed to survive [a] motion to dismiss"); *Susan McKnight, Inc. v. United Indus. Corp.*, No. 16-CV-2534-JPM-TMP, 2017 WL 3174951, at *5 (W.D. Tenn. July 26, 2017) (only if "[t]he Complaint sufficiently pleads . . . that there is an underlying direct infringement" can it state a claim for indirect infringement). Because Plaintiffs have "failed to state a claim for direct infringement, [their] claims for indirect infringement must fail as well." *e.Digital*, 2016 WL 4427209, at *5; *accord*, *e.g.*, *Tai v. Minka Lighting, Inc.*, No. CV-16-02810-PHX-DLR, 2017 WL 568519, at *3 (D. Az. Feb. 13, 2017).

8

### E. The Court Should Dismiss Plaintiffs' Indirect Infringement Claims for the '733 and '106 Patents for the Additional Reason that They Do Not Allege Pre-Suit Knowledge.

In addition to all of the reasons above, Plaintiffs' induced infringement allegations for the '733 and '106 patents should be dismissed because they have not adequately alleged a required element of that claim, *i.e.*, that Microsoft was aware of those patents prior to being served with the Complaint. *See* Mot. at 11-12. Plaintiffs do not deny that they failed to adequately allege that pre-suit knowledge; they argue only that pre-suit knowledge is not required. *See* Opp. at 9-10.

Plaintiffs are wrong. *See Simplivity Corp. v. Springpath, Inc.*, No. CV 4:15-13345-TSH, , 2016 WL 5388951 (D. Mass. July 15, 2016) at *8-9; *Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.,* 904 F. Supp. 2d 1260, 1268-69 (M.D. Fla. 2012); *Proxyconn Inc. v. Microsoft Corp.*, No. 11-CV-1681, 2012 WL 1835680, at *7 (C.D. Cal. May 16, 2012). The complaint must show that the defendant has knowledge of the patents, not that it will have knowledge of the patents once the complaint is served. See *Proxyconn,* 2012 WL 1835680, at *7. Moreover, Plaintiffs' "suggested 'knowledge via filing' framework dilutes the knowledge requirement to the point of meaninglessness, since by virtue of being sued for infringement, a party necessarily is aware of the patent-in-suit." *Simplivity*, 2016 WL 5388951, at *8. It also would encourage patentees to surprise defendants with lawsuits alleging inducement, "incentiviz[ing] litigation in place of innovation." Id. at *8 n.11.

Even if the Court decides that pre-suit knowledge is not necessary to state a claim for inducement, Plaintiffs' inducement allegations must be dismissed to the extent they allege past inducement, and Plaintiffs should therefore only be able to recover for any alleged induced infringement occurring after the filing of the Complaint. *See id.* at *7. Plaintiffs do not dispute this, and even the cases they cite hold that it is required. *See Zimmer*, 2017 WL 1296026, at *7;

9

*Serv. Sols. U.S., LLC v. Autel U.S. Inc.*, No. 13-10534, 2013 WL 5701063, at *10 n.11 (E.D. Mich. Oct. 18, 2013).

## III. CONCLUSION

For the reasons stated herein and in Microsoft's opening brief, Microsoft respectfully requests this Court dismiss the Complaint for failing to state a claim pursuant to Rule 12(b)(6).

Dated:  September 28, 2017

*/s/ Mark N. Reiter*
GIBSON, DUNN & CRUTCHER LLP
Mark N. Reiter (admitted pro hac vice)
mreiter@gibsondunn.com
Michael A. Valek (admitted pro hac vice)
mvalek@gibsondunn.com
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Tel: (214) 698-3100
Fax: (214) 571-2900

GIBSON, DUNN & CRUTCHER LLP
Neema Jalali (admitted pro hac vice)
njalali@gibsondunn.com
555 Mission Street
San Francisco, CA 94105-0921
Tel: (415) 393-8200
Fax: (415) 393-8306

Respectfully Submitted,

PAINE BICKERS LLP
Matthew J. Evans (BPR #017973)
Lindsey M. Collins (BPR #033426)
900 South Gay Street, Suite 2200
Knoxville, TN 37902-1821
Tel: (865) 525-0880
Fax: (865) 521-744

*Attorneys for Defendant Microsoft Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*/s/ Mark N. Reiter*
Mark N. Reiter